UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON BEROOKHIM,

    Plaintiff,

v.                                     Case No: 8:26-cv-1189-CEH-AEP

DELTA AIR LINES, INC.

    Defendants.

_____/

**ORDER**

In the Order to Show Cause issued on May 6, 2026, this Court concluded the Defendant had not sufficiently established subject matter jurisdiction because, first, the Defendant did not properly establish federal diversity jurisdiction, as it did not establish the amount in controversy. Doc. 17 at 3-5. And, second, the Defendant did not properly establish federal question jurisdiction because there is no right of action for a personal injury claim under the Federal Aviation Act or the Airline Deregulation Act. *Id.* at 5-7. The Court directed Defendant to file a written response indicating why the case should not be remanded for lack of subject matter jurisdiction. *Id.* at 7.

On May 20, 2025, Defendant filed its Response to the Order to Show Cause. Doc. 18. In its response, Defendant submits federal diversity jurisdiction is established

1

because the parties stipulate that the amount in controversy exceeds $75,000[1]. *Id.* at 2-3.

When the complaint does not provide specificity as to the amount of damages sought and alleges only that the amount of damages exceeds the threshold amount, it is the Defendant's burden, as the party who invoked the Court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010). The court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza I, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010). Where the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially

---

[1] The parties also stipulate that they are citizens of different states and there is complete diversity of citizenship. However, the Court did not take issue with whether the parties are diverse, as the Notice of Removal (Doc. 1) properly alleged diversity of citizenship. It is worth noting, however, that it is not permissible for the Court to conclude there is diversity of citizenship based solely on the parties' stipulation. *See Morrison,* 228 F.3d 1255 at 1275 (explaining that subject matter jurisdiction cannot be created by the consent of the parties).

apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery,* 483 F.3d 1184 at 1215 n.63. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

Subject matter jurisdiction is conferred and defined by statute. *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000). It cannot be created by the consent of the parties. *Id.* Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. *Id.* at 1275.

In the instant case, Defendant represents that the parties stipulate that Plaintiff's damages exceed $75,000. Doc. 18 at 2-3. However, Defendant has not provided the Court with any evidence to substantiate the parties' claim that the damages exceed the jurisdictional threshold. Therefore, as previously outlined in the Order to Show Cause (Doc. 17), there is still no evidence at this Court's disposal to determine whether the amount in controversy exceeds $75,000. Accordingly, it is **ORDERED:**

Defendant Delta Air Lines is given one final opportunity to provide the Court with evidence showing that the amount in controversy exceeds $75,000 within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time provided will result in the remand of this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, without further notice.

**DONE AND ORDERED** in Tampa, Florida on May 26, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Unrepresented Parties, if any